IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FLETCHER STEEL, (TDCJ-CID #588829) Plaintiff, vs. BRAD LIVINGSTON, *et al.*, Defendants. | § § § § § § § § § § CIVIL ACTION H-13-1171 |

**ORDER ON PENDING MOTIONS**

The plaintiff moves to have the defendants pay the $350.00 filing fee. (Docket Entry No. 6). As explained in this court's order entered on May 10, 2013, the Prison Litigation Reform Act of 1996 (PLRA) requires prisoners filing lawsuits to pay an initial partial filing fee. The Act also requires prisoners to pay the balance of the full filing fee of $350.00. (Docket Entry No. 5). The plaintiff's motion to order the defendants to pay the filing fee, (Docket Entry No. 6), is denied.

The plaintiff also filed an emergency motion for preliminary injunction, (Docket Entry No. 7), seeking to enjoin prison officials from retaliating against him.

Four prerequisites must be satisfied before a plaintiff can be awarded preliminary injunctive relief: (1) substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) an evaluation that the threatened injury to the plaintiff

outweighs the threatened injury the injunction may cause the defendants; and (4) a determination that the injunction does not disserve public interest. *Rodriguez v. United States,* 66 F.3d 95, 97 (5th Cir. 1995), *cert. denied,* 516 U.S. 1166 (1996); *Hay v. Waldron,* 834 F.2d 481 (5th Cir. 1987).

Injunctive relief in the form of "superintending federal injunctive decrees directing state officials," is an extraordinary remedy. *Morrow v. Harwell,* 768 F.2d 619, 627 (5th Cir. 1985). A preliminary injunction should not be granted unless the movant, by a clear showing, carries the burden of persuasion. *Cherokee Pump & Equipment, Inc. v. Aurora Pump,* 38 F.3d 246 (5th Cir. 1994).

The plaintiff has not satisfied the first requirement because difficult questions of law create sufficient doubt regarding the probability of his success on the merits. Nor has the plaintiff met the second requirement of demonstrating that he faces a substantial risk of irreparable injury if the injunction is not granted. The plaintiff makes a broad request for the court to prevent future retaliation. The plaintiff explains that: he is from San Antonio; he was at the Torres Unit for eleven years; and that he is currently at the Stringfellow Unit. The plaintiff seeks an injunction compelling the defendants to transfer him back to the Torres Unit. The plaintiff asserts that the defendants plan to retaliate against him by transferring him to the Dalhart Unit.

The plaintiff has not shown that he faces a substantial risk of irreparable injury if the injunction is not granted. The plaintiff has not clearly carried his burden of persuasion, and

therefore, it is ordered that his motion for preliminary injunction, (Docket Entry No. 7), is denied without prejudice.

SIGNED on June 3, 2013, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

O:\RAO\LHR\2013\13-1171.b01.wpd